1  Peter Schlueter - SBN 155880
   SCHLUETER LAW FIRM, PC
2  22421 Barton Road, No. 538
   Grand Terrace, CA 92313
3  P: 909.381.4888
   F: 909.381.9238
4  E: Schlueterlawoffice@Yahoo.Com

5  Attorneys for Plaintiffs Manual Ortiz and A.O.

6

7                    UNITED STATES DISTRICT COURT

8                  CENTRAL DISTRICT OF CALIFORNIA

9  MANUAL ORTIZ, AS AN INDIVIDUAL          Case No.:
   AND GUARDIAN AD LITEM OF A.O.;
10 AND A. O., AN INDIVIDUAL MINOR,          **COMPLAINT FOR DAMAGES:**

11                            PLAINTIFFS,   1. Violation Of 42 U.S.C. § 1983
                                            Fourth Amendment Rights and California
12 V.                                       State Constitution– Unreasonable Search
                                            and Seizure of Person- prolonged
13 CITY OF SAN BERNARDINO, A                detention,
   MUNICIPALITY; OFFICER WALTERS,
14 AN INDIVIDUAL; OFFICER SOTO, AN          2.Violation of Fourteenth Amendment–
   INDIVIDUAL; AND DOES 1 THROUGH          Failure to Intervene
15 10,
                                            3. Bane Act, Cal civil Code §52.1
16
                              DEFENDANTS.   4. Unruh Act, Cal civil Code § 51
17
                                            5. False Imprisonment, Prolonged
18                                          Detention and False Arrest (CA Law)

19                                          6. Violation Of 42 U.S.C. § 1983
                                            First Amendment Rights– retaliation for
20                                          exercising constitutional rights,

21                                          7.  Deprivation of Civil Rights –
                                            Municipal and Supervisory Liability
22                                          (42 U.S.C. § 1983).

23                                          **DEMAND FOR JURY TRIAL**

24                          **COMPLAINT**

25        1.       San Bernardino Police conducted a pretext traffic stop.  Five officers

26 eventually responded, including Officers Walters (field training officer) and Ofc. Soto.

27 Officers were aggressive and rude from the start, despite Manuel and his son being calm and

28 compliant. When asked  if he was on parole/probation, Manuel remained silent, there was no

                                            1

reason to believe he was on parole or probation. The stop was ostensibly for his vehicle's registration. In response, both Manuel Ortiz and his 15-year-old son were handcuffed and detained. They were detained, said Office Walters "for refusing to answer our questions." The father and son were detained 30 minutes in handcuffs and an additional 10-20 minutes on scene after handcuffs were removed.

## PARTIES

**Plaintiff**

2.      At all relevant times, Plaintiff Manual Ortiz ("Manual" or "Manual Ortiz") is an adult qualified to bring suit on his own behalf. At all relevant times, Plaintiff A.O. ("A.O.) is the now 16 year-old son (15 years old at time of incident)  of Plaintiff Manual Ortiz and is not an adult qualified to bring suit on his own behalf.  As such, under a separate cover, Plaintiff Manual Ortiz, will petition this court to appoint Plaintiff Manual Ortiz as Guardian ad Litem to A.O..  At all relevant time, Manual Ortiz and A. O.  resided in the City of San Bernardino, County of San Bernardino, in the State of California.

**Defendants Government Actors**

3.      Defendant City of San Bernardino ("City" or "San Bernardino") is a municipality and is a political subdivision of the State of California. The San Bernardino Police Department (hereinafter "SBPD") is a non-separable department of the City of San Bernardino in the County of San Bernardino, California.

4.      The San Bernardino Police Department personnel known to have been involved are Officer Walters ("Officer Walters" or "Walters") ,  Officer Soto (" Officer Soto" or "Soto") and DOES 1 through 8.

5.      At all relevant times, Defendants Officer Walters, Officer Soto, and other City of San Bernardino  Police department personnel (DOES 1-8) (together hereinafter "Individual Defendants"), are law enforcement officers, present, participating or actively supporting in the wrongful acts as alleged herein.

**Doe Allegations**

6.      DOES 1-8 are as yet unidentified individuals who knowingly

participated in or supported some or all of the wrongful acts as stated herein.

7.     DOE 1-4, are unnamed supervisors working for the City of San Bernardino Police Department because the identity has yet to be determined. They were supervisors of the Individual Defendants on or near the scene, and was thus knowingly involved with the violations of Plaintiff's constitutional rights as alleged herein.

8.     DOES 2-4 are unnamed supervisors who participated in the training or oversight of the Individual Defendants' wrongful acts as stated herein. They are unnamed because their identity has yet to be determined.

9.     DOES 5-8 are unnamed because their identities have yet to be determined. They participated in the deprivations visited upon Plaintiff, or with full knowledge of the deprivation and the ability to stop the deprivations did not and/or failed to investigate, or participate honestly in the investigation of the allegations of misconduct as alleged herein, and as alleged.

10.     Each individually named defendant and each DOE defendant 1-8 acted under color of state law and within the scope of his or her agency and employment with the City of San Bernardino and its Police Department. All acts and omissions of the individual Defendants were malicious and intentional, with either the intent to deprive Plaintiff of his constitutional and statutory rights, or in reckless disregard of those rights.

11.     Plaintiff has assumed on information and belief that the only government entity that operates the San Bernardino Police Department is the City of San Bernardino itself. If it is later determined that another agency operates the San Bernardino Police Department, then Plaintiff will substitute the entity as DOE 9.

12.     DOES 9 is another government entity, be it a local, state or Federal, agency, that bears or shares some responsibility herein.

13.     DOES 10 are unnamed business entities or individuals working for those business entities and because their identities have yet to be ascertained they are referenced by DOES. They facilitated the deprivations visited upon Plaintiff through their negligence and or other wrongful acts, and were a proximate cause for Plaintiffs injuries.

14.     At such times as these individuals are identified, Plaintiff will seek to substitute the names of those individuals for the currently named DOE defendants.

**JURISDICTION AND VENUE**

15.     This case arises under 42 U.S.C. § 1983 and state law claims. Accordingly, subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and are within the supplemental jurisdiction of the Court pursuant to § 1367.

16.     Plaintiff's claims arise out of a course of conduct involving officials of the City of San Bernardino and its Police Department and/or DOE 9 and/or  DOE 10 and its law enforcement officers, in the State of California and within this judicial district. The event occurred in the City of San Bernardino, County of San Bernardino, State of California.

17.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because Plaintiffs believe Defendants, Officer Walters, Officer Soto, and DOES 1-8 live in County of San Bernardino, California, and because all incidents, events, and occurrences giving rise to this action occurred in County or San Bernardino, California.

**GOVERNMENT TORT CLAIM ACT REMEDIES**

18.     Plaintiff timely filed the appropriate California Government Tort Claim on June 8, 2024.

19.     The City provided  notice of rejection of claim in a letter dated July 15, 2024, stating that the claim "Was rejected on July 17, 2024." [sic]

20.     This complaint is filed within the 6 months of the stated rejection of claim.

21.     All conditions precent for filing California State Claims have been met.

**FACTS COMMON TO ALL CLAIMS**

22.     Plaintiffs repeats and re-allege each and every allegation in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth herein.

23.     On January 8, 2024, at about 7:30 a.m., Manuel Ortiz was driving on Baseline in the City of San Bernardino heading East.

24.     Manual Ortiz was accompanied by his 15-year-old son, A.O..

25.     Manuel was driving the family's dark blue 2008 GMC Yukon, CA License Plate ending xxxx537 (now, xxxx921).

26.     On January 8, 2024, around 7:30a.m.,  San Bernardino Police Department Officers Walters,  Soto, and others of DOES 1 through 8, conducted what was apparently a pretext traffic stop on Plaintiff Manual Ortiz's vehicle.

27.     The traffic stop occurred just east of the intersection of Sierra Way (100 E Baseline) while Ortiz was traveling East on Baseline Rd, in the City of San Bernardino.

28.     The two City of San Bernardino Police Department officers that made the vehicle stop, were Ofc Walters and Soto. Ofc Walters being the field-training officer.

29.     Two additional City of San Bernardino Police Department officers arrived as backup (one of either DOE 1-2 or 7-8). It was they who handcuffed A.O. (without lawful justification), preventing A.O. from recording the incident.

30.     After A.O. was handcuffed  a supervisor with the City of San Bernadino Police Department arrived, believed to be named A. Reyna (DOE 4 or 8)

31.     A total of Five City of San Bernardino Police Department Officers responded to the traffic stop.

32.     The Defendant Officers approached the citizen encounter  "hot," aggressive, and immediately were rude and abrasive to Manuel Ortiz.

33.     The officers persisted in being rude and demanding despite Manuel and A.O.'s calm and polite demeanor.

34.     There was no legitimate law enforcement purpose for the officers to be immediately aggressive or impolite.

35.     Conversely, father (Manual)  and son (A.O.) were polite and calm, certainly not aggressive, and did not exhibit suspicious behavior.  For example, when asked to retrieve insurance and registration documents, Manuel Ortiz asked the officers if he could open the glove compartment to retrieve the records.   He also produced his valid California driver's license. Yet, the officers remained aggressive and made further demands. Still, neither driver

nor passenger ratcheted up their own rhetoric or behavior.

36.     Instead, after initially answering the officers' questions, Manuel Ortiz reacted to the officers offensive behavior and refused to answer further questions posed by the officers.

37.     Manuel Ortiz was not required by law to answer the officers' queries. (Ofc. Soto asked the Hispanic father if he was on parole or probation.)  Ortiz exercised what he believed was his right remain silent and not answer a question – questions he was not required to answer under California law or the US or California Constitution; pursuant to the US and California Constitutions, he had a right not to speak to the officers or answer questions.  He exercised those rights, and communicated his displeasure over the officers' behavior, and refused to answer questions.

38.     Manual Ortiz and his son A.O.  suffered  when Ofc Walters immediately demanded that Manuel Ortiz be taken into custody and detained.  Both Manuel and his 15 year-old son A.O. were detained and placed in handcuffs.

39.     When Manual Ortiz asked why he was detained and being handcuffed, training officer Walters stated, "for refusing to answer our questions."  To repeat, Manuel Ortiz was not required to answer the questions put to him by the officers, and his conduct in not answering those questions posed by law enforcement is guaranteed by the US and California Constitution.  Yet, Ofc's Walters, and Soto, then officer Does 1-8, punished Ortiz and his son for exercising their rights as explained, and detaining them in handcuffs outside of any legitimate law enforcement purpose.

40.     The more Manuel Ortiz complained, the longer the officers detained Manuel and A.O..

41.     Manual Ortiz and his son A.O. were kept in handcuffs for 30 minutes.

42.     Manual Ortiz and his son A.O. were then kept on scene and not released for another 10 to 20 minutes after the handcuffs were removed.  (A normal traffic stop for registration issues would take a maximum of five to ten minutes.)

43.     Ofc. Walters also insisted that A.O. put up his phone, which, in effect, was an

order for A.O. to stop recording the law enforcement encounter.

44.     A.O. had a right to record the encounter and Ofc. Walters was attempting to thwart that right. Such rights - recording police encounters - become especially vital should the officers' body-worn cameras not be activated or the law enforcement recording of the incident be erased or destroyed.

45.     Both Manual Ortiz and his son A.O. were handcuffed without just cause. Each observing the mal-treatment of the other - the son seeing the officers' misconduct visited upon his father, and the father seeing his 15-year-old son being detained in handcuffs because his father had dared to peacefully assert his Constitutional rights and stand up to bully police

**Violations**

46.     The police acts violated Manuel and A.O.'s Constitutional rights, including violating their rights guaranteed them under the Fourth, Fifth, First, and Fourteenth Amendments or by and through the Fourteenth Amendment, and the California Constitution equivalents, as well as the Unruh to be free from discrimination, and the Bane act to be free to exercise State or US Constitutional Rights and the ability to choose what they can say or where they wish to go without fear of government retribution.  It appears clear that Officer Soto asked Mr. Manuel Ortiz whether Ortiz was on parole or probation because of an ethnic or racial (and untrue) stereo-type, believing that Hispanics are typically on parole or probation.  Ofc Walters sought to enforce the stereotype race profiling by then detaining Mr. Ortiz when he refused to answer the questions.

47.     If officer did not wrongfully or negligently act themselves, then they failed to intervene, having the ability and duty when they saw the violations of plaintiffs civil rights visited upon the plaintiffs by fellow officers.

48.     After Plaintiff Manual Ortiz and A.O. were handcuffed by SBPD officers (3 and 4 of DOES 1-8)

49.     These acts by police, acting under color of authority, were in violation of the 1st, 2nd, 4th, 5th, and 14th amendments of the United States Constitution, and

analogous California Constitutional provisions, and in violation of the Unruh and Bane Acts.

50.     Plaintiff Manual Ortiz and A.O. were detained for almost an hour. Officer Walters, Officer Soto, and SBPD Officers (3 of DOES 1-8) lacked constitutional justification for the detention.

51.     Plaintiff Manual Ortiz and A.O. suffered/numbness from being handcuffed for the extended period of time and because the SBPD Officers put the handcuffed on overly tight.

52.     Plaintiff Manual Ortiz and A.O. was not committing a crime or traffic violation and was not reasonably under suspicion of having committed a crime on January 8, 2024, when Defendant Officer Walters, Officer Soto,  and Doe Defendants contacted him and violated his rights.

53.     On  January 8, 2024, Plaintiff Manual Ortiz and A.O. were not wanted by law enforcement, nor did he have warrant(s) for his arrest in existence.

54.     On  January 8, 2024, Defendants Officer Walters, Officer Soto, and Doe Defendants officers did not have a reasonable suspicion that Manual Ortiz and A.O. were involved in, or about to commit a crime.

55.     Defendants Officer Walters, Officer Soto, and DOES 1-8, acted upon Plaintiff Manual Ortiz and A.O. without legal justification.

56.     Due to the unlawful seizure by the defendant officers, Plaintiff suffered loss of use of their property, mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, and indignity.

57.     Any reasonable officer knowing the same facts as existed on January 8, 2024, would not have been suspicious that Plaintiff Manual Ortiz and A.O. had been or were about to be involved in activity related to a crime.

58.     Plaintiff is informed and believes that the City of San Bernardino and its San Bernardino police, Defendants Officer Walters, Officer Soto, and DOES 1-10 were, at the very least, negligent in their treatment of Plaintiffs and, at worst, knowingly and intentionally malicious.

59.       The San Bernardino Police department and/or DOES 25 and/ or DOE 5 has a duty to stop this type of conduct, to watch that it does not occur, and to, at least, train these officers to access the situation and react professionally without the need for the detention of plaintiffs.

60.       The City of San Bernardino, San Bernardino Police Department, Officer Walters, Officer Soto, and DOES 1-10, had the ability and opportunity to stop the unlawful acts but did not attempt to do so while having the ability and time to act.

61.       Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, defendants City of San Bernardino, San Bernardino Police Department, Cheif Darren Goodman, and DOE 4 or 8 maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs with deliberate indifference, and in conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiffs, including the right to be free from excessive force under the Fourth Amendment.

62.       As complained of herein above, none of the defendants to this action had a warrant for any of the Plaintiffs arrest, nor probable cause to believe that plaintiffs  had committed any crime, nor reasonable suspicion of criminality afoot by the plaintiffs, or any suspicion that the plaintiffs were a danger to anyone or anything.

63.       Accordingly, the seizure of plaintiffs by Defendants, constituted an unlawful and unreasonable seizure of plaintiffs, in violation of their rights under the Fourth Amendment to the United States Constitution.

64.       As a direct and proximate result of the aforesaid acts and omissions of the aforementioned defendants, Plaintiffs were injured in their health and person. They suffered and will continue to suffer severe mental and physical anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiffs to sustain damages in a sum to be determined at trial.

65.       Plaintiffs were harmed by the acts of the Defendants and the Department defacto policies and procedures, and its failure to supervise and train its officers.

The San Bernardino Police Department's failures as an organization, created an atmosphere that violations such as alleged here were sure to occur.

66.      Even if the Officer Walters, Officer Soto,  and Doe Defendants did not intend to harm Plaintiffs, their acts were committed with reckless disregard for his rights and a failure to use the standards expected to be use by a competent law enforcement officer.

## FIRST CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. § 1983

## Fourth Amendment Rights – Unreasonable  Seizure

## of Person-Prolonged Detention;

## (Against Officer Walters, Officer Soto, and DOES 1-8)

67.      Plaintiff Manual Ortiz and A.O. hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 66, inclusive, above, as if set forth in full herein.

68.      As complained of herein above, none of the defendants to this action had a warrant for plaintiffs' arrest(s), nor probable cause to believe that plaintiff(s) had committed a crime, nor reasonable suspicion of criminality afoot by the plaintiff(s), or any suspicion that the plaintiff(s) were a danger to anyone or anything.

69.      All of the acts of Defendants Officer Walters, Officer Soto,  and DOES 1-8 were done under color of state law.

70.      The acts of Defendants Officer Walters, Officer Soto,  and DOES 1-8 deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution of the United States, including but not limited to their rights under the Fourth Amendment of the United States Constitution, incorporated and made applicable to the states and their local governments by the Fourteenth Amendment by, among other things, unlawfully seizing Plaintiffs by conducting a unlawful arrest of Plaintiffs without any lawful basis, probable cause, warrant, or any exception thereto.

71.      Each of the Defendants Officer Walters, Officer Soto,  and DOES 1-8 were personally involved and an integral participant in the violation of Plaintiff's

10

constitutional rights. Each Officer was aware of the unlawful actions of the other Officers as they planned to and did conduct a unlawful arrest/detention of Plaintiffs. None of the involved Officers objected to these violations of Plaintiffs' rights, and each Officer participated in the violation by performing police functions, including meaningful participation in the unlawful seizure and unlawful arrest/detention of Plaintiffs.

72.     The acts of the Defendants Officer Walters, Officer Soto,  and DOES 1-8  deprived Plaintiffs Manual Ortiz and A.O. of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to her rights under the Fourth Amendment of the United States Constitution, incorporated and made applicable to the states and their local governments by the Fourteenth Amendment, by, among other things, searching his home and seizing his property without a warrant, exigency, emergency, probable cause, or Plaintiffs' consent.

73.     Each of the Defendants Officer Walters, Officer Soto,  and DOES 1-8 were personally involved and an integral participant in the violation of Manual Ortiz and A.O.'s constitutional rights. Each Officer was aware of the unlawful actions of the other Officers as they siezed plaintiffs persons; did not object to this violation of Manual Ortiz and A.O.'s rights; and participated in the violation by performing police functions, including meaningful participation in the unlawful arrest/detention, seizure, which constitutes unreasonable force against Plaintiffs.

74.     As a direct and proximate result of the aforementioned acts of the Officer Defendants, Plaintiffs sustained and incurred damages including pain, suffering, and emotional injury.

75.     In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiffs. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Officer Defendant.

76.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an

award of punitive / exemplary damages against all defendants and each of them, save defendant City, in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1983**

**Violation of Fourteenth Amendment Rights -**

**Failure to Intervene**

**(Against Officer Walters, Officer Soto,  and DOES 1-23 )**

77.        Plaintiffs Manual Ortiz and A.O. hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 76, inclusive, above, as if set forth in full herein.

78.        All of the acts of Defendants Officer Walters, Officer Soto,  and DOES 1-8 were done under color of state law.

79.        The acts of the Defendants Officer Walters, Officer Soto,  and DOES 1-8 deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution of the United States, including but not limited to their rights under the Fourth Amendment of the United States Constitution, incorporated and made applicable to the states and their local governments by the Fourteenth Amendment by, among other things, failing to intervene in the unlawful actions of other Officers. These unlawful actions include the unreasonable uses of force, unlawful detention and arrest, as well as their unlawful search and seizure of Plaintiff Manual Ortiz and A.O. and his property.

80.        At all relevant times, the Defendants Officer Walters, Officer Soto,  and DOES 1-8 were present and had a realistic opportunity to intervene and prevent the unreasonable uses of force, unlawful detention and arrest, as well as their unlawful  seizure of Plaintiffs Manual Ortiz and A.O.  by their fellow Officers against Plaintiffs, but neglected to do so.

81.        As a direct and proximate result of the aforementioned acts and omissions of the Officer Defendants, Plaintiffs sustained and incurred damages including pain, suffering, and emotional injury.

82.        In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiffs. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Officer Defendant (but not against the entity Defendant) in an amount adequate to punish the wrongdoers and deter future misconduct.

**THIRD CAUSE OF ACTION**

**VIOLATION OF CAL. CIVIL CODE 52.1 ( Bane Act )**

**(Against The City of San Bernardino for acts by individual Defendants)**

83.        Plaintiffs Manual Ortiz and A.O. hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through___, inclusive, above, as if set forth in full herein.

84.        Article I, § 13 of the California Constitution and the Fourth Amendment to the United States Constitution, incorporated and made applicable to the states and their local governments by the Fourteenth Amendment, guarantee the right of persons to be free from unlawful false arrests, unlawful searches, and excessive force on the part of law enforcement officers. The Officer Defendants and the other involved Officers, by engaging in the wrongful acts and failures to act alleged herein, intentionally and deliberately denied each of these rights to Plaintiffs by threats, intimidation, or coercion, to prevent Plaintiffs from exercising their rights to be free of false arrest, unlawful searches, and excessive force, thus giving Plaintiffs claims for damages pursuant to California Civil Code § 52.1. Specifically, the Officer Defendants and other involved Officers unlawfully (1) detained Plaintiffs, (2) arrested Plaintiffs, and (3) seized plaintiffs. The Officer Defendants intended by their actions to deprive Plaintiff of his enjoyment of the interests protected by the right to be free of such conduct.

85.        As a direct and proximate result of the aforementioned acts and omissions of the Officer Defendants, Plaintiff sustained and incurred damages including pain, suffering, and emotional injury.

86.        Each of the Defendants, Officer Walters, Officer Soto,  and DOES 1-8,
were personally involved and aided and abetted in the violation of Plaintiffs' constitutional
rights. Each Officer knew that the other Officers were committing unlawful actions against
Plaintiffs as they planned to and did unlawfully arrest/detain Plaintiffs. Each Officer gave
substantial assistance or encouragement to the other Officers and each Officer's conduct was
a substantial fact in causing harm to Plaintiffs.

87.        The City of San Bernardino, San Bernardino Police Department, and /or
DOE 24, and  DOE 10 are vicariously liable for the actions of the Officer Defendants
pursuant to Cal. Gov't Code § 815.2(a).

88.        In doing the foregoing wrongful acts, Defendants, and each of them,
acted with conscious disregard of Plaintiff's rights. Said Defendants' conduct was willful,
wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive
damages against each individual Officer Defendant (but not against the entity Defendant) to
punish the wrongful conduct alleged herein and to deter such conduct in the future.

89.        As the direct and legal result of Defendants' conduct, Plaintiff suffered
and will continue to suffer damages, including but not limited to those set forth above, and
are entitled to statutory damages under Cal. Civ. Code § 52, including damages up to three
times Plaintiffs' actual damages but no less than $4,000 for every offense of California Civil
Code § 51 et seq., as well as compensatory and punitive damages and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**

**Unruh Act**

**(Against The City of San Bernardino for acts by individual Defendants)**

90.        Plaintiffs Manual Ortiz and A.O. claim that Defendant Officer Walters
and Officer Soto denied them full and equal accommodations, privileges, and services
because of their race, ancestry, and/or national origin.

91.        That  Defendant Officer Walters and Officer Soto denied, aided or
incited a denial  of, discriminated or made a distinction that denied, full and equal
accommodations, privileges, services to Manual Ortiz and A.O. when they handcuffed them

after asking if they were Hispanic.

92.     A substantial motivating reason for Defendant Officer Walters and Officer Soto's conduct was their perception of Manual Ortiz and A.O.'s race, color, ancestry, or national origin.

93.     That the race, color,  ancestry, or national origin of a persons whom Manual Ortiz and A.O.  were associated with was a substantial motivating reason for Defendant Officer Walters and Officer Soto's conduct.

94.     That Manua Ortiz and A.O. were harmed, and Defendant Officer Walters and Officer Soto's conduct was a substantial factor in causing plaintiffs' harm.

## FIFTH CLAIM FOR RELIEF

### False Imprisonment, Prolonged Detention and False Arrest

### Pursuant to State Law

### (Against The City of San Bernardino for acts by individual Defendants)

95.     Plaintiff hereby realleges and incorporates by reference the allegations set forth the previous paragraphs,  above, paragraphs 1 through___ as if set forth in full herein including those in the factual statement in common.

96.     In committing the acts alleged above, City of San Bernardino employees, Officer Walters and Officer Soto, and DOES 1 through 8, used, threats, intimidation and/or coercion to detain, arrest and otherwise falsely imprisoned Manual Ortiz and A.O. as stated elsewhere herein, without legal justification and in violation of his rights as enumerated in the Fourth Amendment to the United States Constitution, Fourteenth, and Art. I §13 of the California constitution.

97.     These acts included the threat to use, and the use of force and handcuffing Manual Ortiz and A.O., and then keeping Manual Ortiz and A.O. in handcuffs for _____ or more under the threat of force.

98.     Manual Ortiz and A.O. were injured in their minds and persons. They suffered mental anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiffs to sustain damages in a

1   sum to be determined at trial.

2       99.    The entity defendants are vicariously liable for these acts pursuant to Cal.

3   Gov't Code § 815.2(a).

4       100.   The above mentioned individually named defendants and Doe defendants,

5   acted under color of law, and both separately and in concert. Each could have intervened to

6   stop the other from committing or continuing the constitutional violation. The

7   aforementioned acts of those defendants, and each of them, were willful, wanton, malicious

8   and oppressive, with reckless disregard for, with deliberate indifference to, and with the

9   intent to deprive Manual Ortiz and A.O. of their constitutional rights and privileges, and did

10  in fact violate the aforementioned rights and privileges, entitling Manual Ortiz and A.O. to

11  exemplary and punitive damages in an amount to be proven at trial.

12                          **SIXTH CLAIM FOR RELIEF**

13                          **Violation Of 42 U.S.C. § 1983**

14  **First/Fifth Amendment Rights– retaliation for exercising constitutional rights**

15                     **(Against All INDIVIDUAL Defendants)**

16      101.   Plaintiff Manual Ortiz and A.O., an individual, hereby realleges and

17  incorporates by reference the allegations set forth in paragraphs 1 through __, inclusive,

18  above, as if set forth in full herein.

19      102.   Plaintiffs believe that Defendants Officer Walters , Soto, and 3 of DOES

20  1-8,  took an adverse action (placing them in handcuffs) in response to their speech, or

21  refusal to answer questions (fifth amendment).

22      103.   Plaintiffs believe that the adverse action (placing them in handcuffs)

23  would not have been taken without the retaliatory motive.

24      104.   The evidence does not suggest that the defendant would have taken the

25  action in question, even in the absence of any motive to retaliate against the plaintiff.

26      105.   Plaintiffs were engaged in a constitutionally protected activity, their

27  speech (first amendment) or lack of speech (fifth amendment).

28      106.   The defendant's actions (placing them in handcuffs) would chill a

person of ordinary firmness from continuing to engage in the protected activity.

107.        The plaintiffs were not engaging in activity that included: incitement to imminent lawless action; fighting words; true threats; obscenity; defamation; harassment; or material and substantial disruption.

**SEVENTH CLAIM FOR RELIEF**

**Deprivation of Civil Rights - Entity and Supervisory Liability**

**-Failure to Train**

**(42 U.S.C. § 1983)**

**(Against City of San Bernardino, and DOE 9 and DOES 10)**

108.        Plaintiffs Manual Ortiz and A.O. hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through _____, inclusive, above, as if set forth in full herein.

109.        Plaintiffs are informed and believe and thereon alleges that, at all times herein mentioned, defendants City of San Bernardino (San Bernardino Police Department is an indistinct part of the City) and DOES 9-10 maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs with deliberate indifference, and in conscious and reckless disregard to the safety, security and constitutional and statutory rights of Ortiz, including the right to be free from excessive force under the Fourth Amendment:

a.        Failing to adequately train, supervise, and control officers in the constitutionally permissible detentions, and regarding retaliation against citizens for exercising appropriate constitutional rights..

b.        Failing to adequately train, supervise, and control officers in proper communication and appropriate responses to members of the public;

c.        Failing to set up systems to prevent abuse by officers, including combating the "code of silence" by encouraging officers to intervene and prevent abuse and misconduct by other officers;

d.      Failing to discipline officers involved in abusing their authority, or in failing to report or prevent abuses of authority; and

e.      Condoning and encouraging SBPD officers in the belief that they can violate the rights of persons such as Plaintiff with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

110.      The following are only a few examples of cases where the involved officers were not disciplined, remanded,, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the City of San Bernardino routinely ratifies such behavior.

111.      The Officer Defendants and any other involved officers acted pursuant to expressly adopted official policies or longstanding practices or customs of the City of San Bernardino. These include policies and longstanding practices and/or customs requiring and/or permitting officers to carry out false arrests, excessive force, unlawful searches and seizures, handcuffing that injure an accused, detaining them at length, and searching their homes, seizing their weapons, all in situations that are not supported by reasonable suspicion/ probable cause and without regard to Ninth Circuit law.

112.      The training policies of the City of San Bernardino were not adequate to train, supervise, and control its Officers to handle the usual and recurring situations with which they must deal, including but not limited to the issues discussed herein. The City of San Bernardino knew that its failure to adequately train its Officers for such situations made it highly predictable that its Officers would engage in conduct that would deprive persons such as Manual Ortiz and A.O. of their rights. The City of San Bernardino was thus deliberately indifferent to the obvious consequences of its failure to train its Officers adequately.

113.      Defendant City of San Bernardino' official policies and/or longstanding practices or customs, including but not limited to its training policies, caused the deprivation of the constitutional rights of Manual Ortiz and A.O. by the Officer Defendants and the other involved Officers; that is, the City of San Bernardino's official policies and/or longstanding

practices or customs are so closely related to the deprivation of Manual Ortiz and A.O.'s rights as to be the moving force that caused her injuries.

114.    SBPD Chief Darren Goodman, and other final policymakers for the City of San Bernardino, ratified the actions and omissions of the Officer Defendants and the other involved Officers in that he had knowledge of and made a deliberate choice to approve their unlawful acts and omissions. Upon information and belief, the City took no action in response to Plaintiff's allegations and none of the involved Officers have been disciplined.

115.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned entity and supervisory defendants, Plaintiff were injured in their health and person. They suffered and will continue to suffer severe mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiff to sustain damages in a sum to be determined at trial. Chief Tony Conrad's failure to train and supervise SBPD officers in the constitutional use of force and search and seizure practices and his ratification of the use of force and search and seizure practices upon Plaintiff, was willful, wanton, malicious and oppressive, and with reckless disregard for, in deliberate indifference to, and with the intent to deprive persons who might come in contact with SBPD officers of constitutional rights, and did in fact violate the aforementioned Fourth, Ninth, and Fourteenth Amendment rights of Plaintiff, entitling Plaintiff to exemplary and punitive damages against Chief  Darren Goodman in an amount to be proven at trial.

116.    It was that failure that was the moving force in the depravation of Plaintiff's rights against their liberty interest to be free from invasive procedures and seizures.  In the case at bar, the Defendants Police officers felt free to search, seize and use excessive force and the threat of deadly force, and falsely arresting and reporting on Plaintiff without fear that their acts would receive censure from their department. Indeed, Plaintiff is informed and believes that those officers audio and/or video taped the procedure demonstrating that they felt that their acts were authorized, if not encouraged, by their department, the City of San Bernardino, DOE 9 and/or DOE 10. (Or, at the very least would

not meet with disapproval, censure or discipline). Thus, this problem, the actions, polices and procedures that led up to the depravation of Plaintiff's rights were systemic in that department and constituted deliberate indifference by the City to the rights of persons such as Plaintiff.

PRAYER

WHEREFORE, Plaintiffs Manual Ortiz and A.O. seeks compensation for the injuries caused by the Defendants; and requests relief as follows, and according to proof, against each defendant:

1.    General and compensatory damages in an amount according to proof;

2.    Special damages in an amount according to proof;

3.    Punitive damages against each individual and DOE defendant (but not against the City of San Bernardino or  DOE 9-10),(unless the Court deems proper pursuant to Govt. Code §815.2), in an amount according to proof;

4.    Applicable statutory damages and multipliers if available for State Claims.

5.    Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988; and the Bane and Unruh acts, plus multipliers for fees in the case of State Claims.

6.    Such other relief as may be warranted or as is just and proper.

DATED:  January 15, 2025              SCHLUETER LAW FIRM, PC.


By:___/s/_____
          Peter B. Schlueter, Attorney for
          Plaintiff Manual Ortiz and A.O.



**COMPLAINT and DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury.

DATED:  January 15, 2025                    SCHLUETER LAW FIRM, PC.


By:___/s/_____
Peter B. Schlueter, Attorney for
Plaintiff Manual Ortiz and A.O.